**C.T. LEE & ASSOCIATES**
Corey Lee
coreyleelaw@coreyleelaw.com
225 Broadway, Suite 3005
New York, NY 10007
Tel: 212-566-5509
Fax: 888-251-9306

**HAINES LAW GROUP, APC**
Paul K. Haines (CA SBN 248226) (*Pro Hac Vice Forthcoming*)
phaines@haineslawgroup.com
Sean M. Blakely (CA SBN 264384) (*Pro Hac Vice Forthcoming*)
sblakely@haineslawgroup.com
Kristopher N. Tayyeb (CA SBN 320126) (*Pro Hac Vice Forthcoming*)
ktayyeb@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RACHEL RUMARY, as an individual and on behalf of all others similarly situated,<br>Plaintiff,<br>vs.<br>RINC MANAGEMENT, LLC, a New Jersey limited liability company; RINC LLC, an unknown entity; LARRY ROBBINS, an individual; SARAHMAY ROBBINS, an individual; and DOES 1 through 100, inclusive,<br>Defendants. | CASE NO. 25-cv-9436<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>**(1) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq*.);**<br><br>**(2) FAILURE TO PAY ALL OVERTIME WAGES (12 NYCRR 142);**<br><br>**(3) WAGE STATEMENT VIOLATIONS (NYLL § 195); and**<br><br>**(4) WAGE NOTICE VIOLATIONS (NYLL § 195)**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiff RACHEL RUMARY ("Plaintiff"), on behalf of herself and others similarly situated, hereby bring this Class and Collective Action Complaint ("Complaint") against RINC MANAGEMENT, LLC, a New Jersey limited liability company; RINC LLC, an unknown entity; LARRY ROBBINS, an individual; SARAHMAY ROBBINS, an individual; and DOES 1 through 100, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

**JURISDICTION**

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, and the New York State Department of Labor Wage Order for Miscellaneous Industries and Occupations (12 NYCRR 142; "Miscellaneous Wage Order").

2. This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violation of the New York Labor Law sections set forth in the immediately preceding paragraph and the Miscellaneous Wage Order because these claims derive from the same common nucleus of operative facts.

**VENUE**

3. Venue is proper under 28 U.S.C. 1391 because Defendants do business in New York County and a substantial part of the acts alleged herein took place in New York County. Further, Plaintiff does now, and at all times relevant herein did, reside in New York County and was employed by Defendants within New York County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiffs within the Southern District of New York.

///

**PARTIES**

4. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a resident of New York County, New York. Within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to her by the FLSA, NYLL §§ 190 *et seq.* and 650 *et seq.*, and the Miscellaneous Wage Order.

5. Plaintiff is informed and believes, and based thereon alleges, that during the time period relevant to this action, Defendant RInc Management, LLC is a personal services company that employs domestic staff, including Plaintiff and the members of the Classes, for Defendants Larry Robbins and Sarahmay Robbins. Plaintiff is informed and believes, and based thereon alleges, RInc Management, LLC is a New Jersey limited liability company with a principal place of business of 767 Fifth Avenue, 44th Floor, New York, NY 10153.

6. Plaintiff is informed and believes, and based thereon alleges, that during the time period relevant to this action, Defendant RInc, LLC is a personal services company that employs domestic staff, including Plaintiff and the members of the Classes, for Defendants Larry Robbins and Sarahmay Robbins.

7. Plaintiff is informed and believes, and based thereon alleges, that during the time period relevant to this action, Defendant Larry Robbins was a resident of New York and the husband of Defendant Sarahmay Robbins (Larry Robbins collectively with Sarahmay Robbins, the "Robbins Defendants").

8. Plaintiff is informed and believes, and based thereon alleges, that during the time period relevant to this action, Defendant Sarahmay Robbins was a resident of New York and the wife of Defendant Larry Robbins.

9. Plaintiff is informed and believe, and based thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in New York and were the employers of Plaintiff and of the members of the Classes (as defined in Paragraph 22).

10. Plaintiff does not know the true names, capacities, relationships, and/or the extent of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this Complaint. For that reason, Defendants DOES 1 through 100, inclusive, are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when their true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named Respondent is and was responsible in some way for the alleged wage-and-hour violations and other wrongful conduct that subjected Plaintiff and the Classes, as defined below, to the illegal employment practices, wrongs and injuries complained of herein. All references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

11. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

12. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acted within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants

were joint employers for all purposes of Plaintiff and the Classes (as defined in Paragraph 22).

## GENERAL FACTUAL ALLEGATIONS

13. Defendants employed Plaintiff in the non-exempt job position of "Childcare Provider" or "Nanny" (or similarly titled position), from approximately October 8, 2020 to approximately August 2, 2025. Plaintiff's job duties included but were not limited to providing childcare, managing and organizing the children's belongings, and assisting in planning and organizing child-related activities.

14. Throughout Plaintiff's employment, Plaintiff worked at least a full-time schedule. From at least August 8, 2022 through the termination of Plaintiff's employment, Plaintiff worked a schedule in which she worked seven (7) days straight and then had seven (7) days off.

15. From approximately August 8, 2022 to approximately March 2023, Plaintiff resided at the Robbins Defendants' residence in New York during the weeks that she worked, unless she traveled out of town with the family. Then, from approximately March 2023 to the termination of Plaintiff's employment, Plaintiff no longer slept at the Robbins Defendants' New York residence during the weeks that she worked there and she instead returned to her own apartment at the end of her shift each day. Additionally, from approximately August 15, 2024 to approximately May 2025, Plaintiff traveled to Florida to work for Defendants at the Robbins Defendants' Florida residence during the weeks that she worked. During the time that Plaintiff was working for Defendants in Florida, she did not reside in the Robbins Defendants' Florida residence and slept instead at a separate apartment.

16. From at least August 8, 2022 to August 2, 2025, Plaintiff regularly worked more than forty-four (44) hours per week, and regularly worked at least fourteen (14) hours per day, in the weeks in which she worked. When Plaintiff worked, she used a timeclock to record her time.

17. From at least August 8, 2022 to present, other non-exempt non-residential employees of Defendants regularly worked over forty (40) hours per week, and other non-exempt residential employees of Defendants regularly worked over forty-four (44) hours per week.

18. From at least August 8, 2022 to present, Defendants paid Plaintiff and other non-exempt employees a base salary but did not pay any overtime wages.

19. Plaintiff and the members of the New York Residential Overtime Class and New York Non-Residential Overtime Class are and were not exempt from the overtime provisions of the New York Labor Law, because they have not met the requirements for any exemptions.

20. From at least August 8, 2022 to present, Plaintiff and other non-exempt employees did not receive a wage notice at hiring, or at any other time during their employment with Defendants, showing their hourly and/or overtime rate(s), or other information required by NYLL § 195(1).

21. Because of Defendants' failure to pay Plaintiff and other non-exempt employees all overtime wages owed, Defendants, from at least August 8, 2022 to present, have failed to provide Plaintiff and other non-exempt employees with wage statements that include their regular hourly rates of pay, their overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked, as required by NYLL § 195(3).

22. Plaintiff has filed a consent to join this FLSA Collective Action, which is attached to this Complaint as Exhibit A.

## CLASS ACTION ALLEGATIONS

23. Class Definitions: Plaintiff brings this Complaint on behalf of herself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a. The FLSA Overtime Class consists of all of Defendants' current and former non-exempt employees in New York who were employed in domestic

service in a household, worked more than 40.0 hours in at least one work week, and were subject to Defendants' timekeeping policies and/or practices, from August 8, 2022 through the present (the "Class Period").

b. The New York Residential Overtime Class consists of all of Defendants' current and former non-exempt residential employees in New York who worked more than 44.0 hours in at least one work week and were subject to Defendants' timekeeping policies and/or practices, during the Class Period.

c. The New York Non-Residential Overtime Class consists of all of Defendants' current and former non-exempt non-residential employees in New York who worked more than 40.0 hours per week and were subject to Defendants' timekeeping policies and/or practices, during the Class Period.

d. The Wage Notice Class consists of all members of the FLSA Overtime Class, New York Residential Overtime Class, and/or New York Non-Residential Overtime Class who were hired by Defendants during the Class Period.

e. The Wage Statement Class consists of all members of the FLSA Overtime Class, New York Residential Overtime Class, and/or New York Non-Residential Overtime Class who have received a wage statement from Defendants during the Class Period.

24. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the Classes number is in excess of twenty (20) individuals as to each class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

25. **Common Questions of Law and Fact Predominate:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation, to:

i. Whether Defendants violated the applicable FLSA provisions, including, but not limited to, § 207(l) by requiring members of the FLSA Overtime Class to perform overtime work and not paying for said work in accordance with the FLSA;

ii. Whether Defendants violated the applicable NYLL and Miscellaneous Wage order provisions, including, but not limited to, 12 NYCRR 142-2.2, by requiring members of the New York Residential Overtime Class and New York Non-Residential Overtime Class to perform overtime work and not paying for said work in accordance with the overtime laws of the State of New York;

iii. Whether Defendants' timekeeping policies/practices resulted in the failure to properly compensate members of the FLSA Overtime Class, New York Residential Overtime Class, and/or New York Non-Residential Overtime Class;

iv. Whether Defendants furnished legally compliant wage notices to members of the Wage Notice Class pursuant to NYLL § 195; and

v. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to NYLL § 195.

26. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law and fact set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices applicable to each individual class member including, but not limited to, Defendants' uniform timekeeping policies and/or practices, compensation policies and/or practices, wage notice policies and/or practices, and wage statement policies and/or practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

27. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee

in New York during the statutes of limitation applicable to each cause of action pled in this Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not properly paid overtime wages due to Defendants' timekeeping and compensation policies/practices, was notice issued an accurate wage notice, and/or was not issued accurate itemized wage statements.

28. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

29. **Superiority:** The New York Labor Law is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in New York. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by

employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

30. As such, the Rule 23 Classes identified in Paragraph 22 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

**FIRST CAUSE OF ACTION**

**FLSA VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

31. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

32. This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

33. 29 U.S.C. § 207, subsection (l), provides that "[n]o employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a)." Subsection (a), in turn, provides that "no employer shall employ any of his employees … for a workweek

longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34. Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek and were employed in domestic service in one or more households.

35. Plaintiffs are informed and believe, and based thereon allege that, Defendants regularly and systematically, as a policy and practice, failed to pay overtime pay to Plaintiff and members of the FLSA Overtime Class for hours worked in excess of 40 hours per workweek. Accordingly, Plaintiffs and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

36. Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to, 29 U.S.C. § 207.

37. Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

38. Defendants' policy and practice of failing to pay overtime compensation to Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime wages owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

39. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

40. At all times relevant to this action, Plaintiffs and members of the

Residential Overtime Class and Non-Residential Overtime Class were employed by Defendants within the meaning of NYLL §§ 2 and 651.

41. New York's Miscellaneous Wage Order, 12 NYCRR § 142-2.2, requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate." The Miscellaneous Wage Order further requires that the foregoing overtime wages must be paid for all hours worked in excess of 40 per week by a non-residential employee, and in excess of 44 hours per week for residential employees, and in the manner and methods provided by the FLSA.

42. At all times relevant herein, Defendants were required to properly compensate employees who are not exempt from the Miscellaneous Wage Order's overtime provisions, including Plaintiff and members of the New York Residential Overtime Class and New York Non-Residential Overtime Class, for all overtime hours worked pursuant to the Miscellaneous Wage Order. Defendants caused Plaintiff and members of the New York Residential Overtime Class and New York Non-Residential Overtime Class to work overtime hours, but had, and continue to have, a policy and/or practice of refusing to pay them the required overtime compensation.

43. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the members of the New York Residential Overtime Class and New York Non-Residential Overtime Class required overtime wages, Plaintiffs and the members of the New York Residential Overtime Class and New York Non-

Residential Overtime Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663 and 12 NYCRR 142-2.2.

44. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the members of the New York Residential Overtime Class and New York Non-Residential Overtime Class was in compliance with the law, Plaintiffs and members of the New York Residential Overtime Class and New York Non-Residential Overtime Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## THIRD CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

45. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

46. Plaintiff is informed and believe, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements that included, among other requirements, the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay; the number of hours worked, including overtime hours worked; deductions; and net wages in violation of NYLL § 195(3).

47. Through Defendants' knowing or intentional failure to provide Plaintiff and members of the Wage Statement Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190

*et seq.*, and the supporting New York State Department of Labor Regulations.

48. Due to Defendants' willful violations of NYLL § 195(3), Plaintiff and members of the Wage Statement Class are entitled to statutory damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE WAGE NOTICES**

**(AGAINST ALL DEFENDANTS)**

49. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50. Defendants have willfully failed to supply Plaintiff and members of the Wage Notice Class with wage notices, as required by NYLL, § 195(1), in English or in the language identified by Plaintiff and members of the Wage Notice Class as their primary language, containing Plaintiff's and members of the Wage Notice Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

51. Through Defendants' knowing or intentional failure to provide Plaintiff and members of the Wage Notice Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

52. Due to Defendants' willful violations of NYLL § 195(1), Plaintiff and

members of the Wage Notice Class are entitled to damages of fifty dollars for each work day that Defendants failed to provide Plaintiff and members of the Wage Notice Class with a wage notice, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

53. Because Defendants did not pay Plaintiff and members of the Wage Notice Class the overtime wages to which they were entitled, Defendants cannot rely on any affirmative defense in NYLL § 198(1-b) for their failure to provide wage notices required by NYLL § 195(1).

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for compensatory, consequential, liquidated, general and special damages according to proof pursuant to 29 U.S.C. §§ 207 and 216;

5. Upon the Second Cause of Action, for payment of overtime wages and liquidated damages according to proof pursuant to NYLL §§ 198 and 663;

6. Upon the Third Cause of Action, for statutory damages according to proof pursuant to NYLL § 198;

7. Upon the Fourth Cause of Action, for statutory damages according to proof pursuant to NYLL § 198;

8. Prejudgment interest on all due and unpaid wages pursuant to NYLL §§ 198 and 663 and NY CPLR § 5004;

9. On all causes of action, for attorneys' fees and costs as provided by

NYLL §§ 198 and 663 and 29 U.S.C. § 216; and

10. For such other and further relief, the Court may deem just and proper.

Dated: November 6, 2025

Respectfully submitted,
C.T. LEE & ASSOCIATES

By: */s/ Corey Lee*
Corey Lee
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: November 6, 2025

Respectfully submitted,
C.T. LEE & ASSOCIATES

By: */s/ Corey Lee*
Corey Lee
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT OF PLAINTIFF RACHEL RUMARY
## RE CONSENT TO SUE

I, Rachel Rumary, declare:

1. I am a Plaintiff in the above-captioned action. The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I hereby consent to be joined in this suit against RInc Management, LLC, a New Jersey limited liability company; RInc LLC, an unknown entity; Larry Robbins, an individual; Sarahmay Robbins, an individual; and DOES 1 through 100, under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq*., for unpaid overtime wages and other relief available under the Act.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on Nov 5, 2025 in New York, New York.

Rachel Rumary (Nov 5, 2025 22:59:59 EST)

Rachel Rumary